UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAINSAIL DEVELOPMENT, L.L.C. and
AUSTIN PARK DEVELOPMENT, L.L.C.,

    Plaintiffs,
v.                            Case No. 8:11-cv-45-T-33AEP

RUSCO INVESTMENTS, INC., PINNACLE
MUTUAL, INC., LASS ACCOUNTING AND
BUSINESS SERVICES, JULIE HOLDEN,
RUTH LIVERPOOL, and ALDWYN
LIVERPOOL,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to pro se Defendants Ruth Liverpool and Aldwyn Liverpool's Motion for Extension of Time to Comply (Doc. # 46), filed on July 9, 2012, which this Court will construe as a Motion to Set Aside Clerk's Default. Ruth Liverpool also filed a pro se supplement (Doc. # 50) on July 20, 2012. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 49) on July 16, 2012. For the reasons that follow, the Court declines to set aside the Clerk's Default and denies the Motion as to Defendants Ruth and Aldwyn Liverpool.

**I.    Background**

Plaintiffs Mainsail Development, LLC and Austin Park

1

Development, LLC initiated this action on January 6, 2011, by filing a fifteen count verified complaint against Defendants Rusco Investments, Inc., Pinnacle Mutual, Inc., Lass Accounting & Business Services, Inc., Julie Holden, Ruth Liverpool, and Aldwyn Liverpool. (Doc. # 1). On January 28, 2011, all of the Defendants, except for Julie Holden, responded to the complaint by filing a Motion to Compel Arbitration.[1] (Doc. # 4).

The Magistrate Judge issued a Report & Recommendation on June 20, 2011, in which he recommended granting the Motion to Compel Arbitration. (Doc. # 17). On July 19, 2011, the Court adopted the Report & Recommendation, and granted the Motion to Compel Arbitration. (Doc. # 21). The Court also stayed and administratively closed the case pending the resolution of the arbitration proceedings and directed the parties to file a joint status report within 90 days and every 90 days thereafter. Id.

Plaintiffs filed unilateral status reports on September 19, 2011, December 19, 2011, and January 16, 2012, which indicated that Plaintiffs were attempting to proceed with

---

[1] Following Julie Holden's failure to respond to the complaint, Plaintiffs moved for entry of a Clerk's Default on February 18, 2011, and the Clerk entered Default against Holden on February 22, 2011. (Doc. ## 9, 10).

arbitration but had not received a response to emails and written letters from Defendants' counsel. (Doc. ## 22, 23, 24).

On February 15, 2012, Defendants' counsel, Shendell & Pollock, moved to withdraw as counsel for Defendants. (Doc. # 27). On February 29, 2012, the Magistrate Judge granted the motion, but warned Defendants that "[p]ursuant to Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court." Accordingly, the order directed the Corporate Defendants to obtain new counsel within 30 days. (Doc. # 28). Shendell & Pollock provided a copy of the Court's order to all Defendants by certified mail on March 1, 2012. (Doc. # 29).

Despite the Court's warning, the Corporate Defendants failed to retain new counsel in the time provided by the Court's order. Based on this failure, Plaintiffs filed a Motion for Default as to all Defendants on May 15, 2012 (Doc. # 30). On May 16, 2012, the Court entered an endorsed order denying the Motion without prejudice and stating as follows:

> ENDORSED ORDER denying without prejudice Motion for default. At this juncture, default is not the appropriate remedy. There are two individual defendants, Ruth Liverpool and Aldwyn Liverpool. They are free to represent themselves pro se in this proceeding if they desire. As for the corporate defendants, Rusco, Pinnacle, and Lass

3

> Accounting, the Local Rules require that they be represented by counsel. Because they have filed a responsive pleading to the complaint, default at this juncture is premature and that remedy would be appropriate upon the pleadings being stricken. Within 14 days, the individual defendants are ordered to file a status report with the Court informing the Court of their desire to proceed pro se in this case or whether they intend to proceed with counsel. Also within 14 days they shall file a response to the motion to set aside abatement. The corporate defendants are reminded that they can not proceed without counsel in this Court. Their pleadings are subject to being stricken and judgement being entered against them. Corporate defendants are to file a notice of appearance of counsel within 14 days as well as file a response to the motion to set aside abatement. If the defendants fail to comply with this order, the Court will lift the stay in this case, and the case will be reopened. The Clerk is directed to mail a copy of this Order to all of the defendants.

(Doc. # 32).

Copies of the Court's order were mailed to the Defendants on May 17, 2012, but were returned as undeliverable by all Defendants except for Ruth Liverpool. On June 7, 2012, copies of the Court's order were successfully re-mailed to updated addresses for the Corporate Defendants and for Aldwyn Liverpool.

Based on the Corporate Defendants' failure to timely retain new counsel and the failure of all Defendants to comply with the Court's May 16, 2012, order, Plaintiffs filed a Second Motion to Set Aside Abatement and Motion for Default as

4

to all Defendants on June 5, 2012. (Doc. # 33). In the Motion, Plaintiffs asserted that they had attempted, since July 2011, to contact the Defendants regarding beginning the arbitration process, but received no response to their telephone calls and written letters. Plaintiffs also supplied evidence showing that the Corporate Defendants have been administratively dissolved and have not filed an annual report since April 2010. (Doc. # 33-1). Plaintiffs requested the Court to lift the abatement of the action, strike the pleadings of all Defendants and enter a default as to all Defendants for failure to comply with the Court's May 16, 2012, order and for failure to obtain counsel. None of the Defendants filed a response to the Motion for Default.

On June 22, 2012, the Court entered an order lifting the stay imposed on July 19, 2011, reopening the case, and setting the Motion for Default for a hearing. (Doc. # 34). At the hearing held on June 28, 2012, none of the Defendants appeared at the hearing, nor did anyone appear on their behalf. Accordingly, based on the Defendants' failure to comply with Court orders, failure to appear at the hearing, and the Corporate Defendants' failure to retain new counsel, the Court struck the Defendants' pleadings and granted the Motion for Default. (Doc. ## 37, 38). The Clerk entered Default against

each of the Defendants on June 29, 2012. (Doc. ## 41-45).

On July 9, 2012, Defendant Ruth Liverpool, on behalf of all Defendants, filed the instant Motion and attached correspondence. (Doc. # 46). In the motion, the Defendants blame their failure to retain new counsel on their prior counsel's statement that the case was closed and there were "no open items." Id. The Defendants state that they "have every intent in moving forward with the arbitration process to bring this matter to a resolve (sic)" and request a 60-day extension of time to comply with the Court's May 16, 2012, order and to retain new counsel. Mrs. Liverpool also states that she "has been incarcerated since July 18, 2011, and unable to easily comply with the motions." (Doc. # 46 at 1). She also indicates that she is "some what handicap." Id.

On July 11, 2011, the Court denied the construed Motion to Set Aside Clerk's Default as to the Corporate Defendants Rusco Investments, Inc., Pinnacle Mutual, Inc., and Lass Accounting & Business Services, Inc. (Doc. # 47). The Court directed Plaintiffs to brief the Court as to why the Clerk's Default should not be set aside as to Mr. and Mrs. Liverpool, the individual pro se Defendants. Id. Plaintiffs filed their response on July 16, 2012, arguing that the Liverpools have not established good cause for setting aside the Default. As

explained below, the Court agrees.

## II. **Analysis**

To overcome the Clerk's Defaults against them, the Liverpools must show good cause pursuant to Rule Fed. R. Civ. P. 55(c). In Tyco Fire and Security, LLC v. Alcocer, 218 F. App'x 860 (11th Cir. 2007), the court explained, "[t]he entry of a default against a defendant, unless set aside pursuant to Rule 55 (c), severely limits the defendant's ability to defend the action." Id. at 863. The court further explained, "while a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." Id. (internal citations omitted). On the other hand, the Eleventh Circuit has noted that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

In balancing these considerations and determining whether to set aside a Clerk's entry of Default, courts generally evaluate the following factors: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party

presents a meritorious defense. <u>Compania Interamerica Export-Import, S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996).

Here, although given ample opportunity, the Liverpools have not demonstrated good cause for setting aside the Clerk's Default. Due to the circumstances described above, the Court finds that the entry of Default against the Liverpools is willful based on their reckless disregard for the judicial proceedings. "If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." <u>Compania</u>, 88 F.3d at 951-52.

In addition, the Court finds that setting aside the Default would prejudice Plaintiffs. As explained by Plaintiffs, "Defendants, for nearly a year, were unresponsive to Plaintiffs' efforts to resolve this case through arbitration, a remedy sought by Defendants, which only resulted in an abatement of the civil action." (Doc. # 49 at 4). Plaintiffs have suffered through enough delay. Had Defendants timely and in good faith participated in the arbitration process, a process that they requested, the result here would be much different. Defendants' conduct, including their failure to participate in the arbitration, resulted in

8

the denial of due process for Plaintiffs, who were foreclosed from pursuing this action due to Defendants' demand for arbitration.

Furthermore, the Court declines to set aside the Default because the Liverpools, who have yet to file an answer to the operative complaint, have failed to come forward with any semblance of a meritorious defense.  As explained in <u>Gibbs v. Air Canada</u>, 810 F.2d 1529, 1538 (11th Cir. 1987), a party must show a meritorious defense "by a clear and definite recitation of facts."  Through their various submissions, the Liverpools have fallen woefully short of this standard.  As noted in <u>Compania</u>, "good cause is a mutable standard, varying from situation to situation . . . but [it is] not so elastic as to be devoid of substance." 88 F.3d 951-52.  To set aside the Default in this case, this Court would have to ignore the good cause requirement.  The Court declines to do so.  Therefore, the Court denies the construed Motion to Set Aside Clerk's Default as to the Liverpools.

In order to bring this matter to a final resolution without delay, Plaintiffs are directed to file a motion for final default judgment immediately.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

9

(1) Defendants Ruth and Aldwyn Liverpool's Motion for Extension of Time to Comply (Doc. # 46), construed as a Motion to Set Aside Clerk's Default, is **DENIED.**

(2) Plaintiffs are directed to file a Motion for Final Default Judgment forthwith. Failure to file such motion by July 30, 2012, may result in the dismissal of this action. No extensions of time will be granted absent extraordinary circumstances.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of July 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record