```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

MAINSAIL DEVELOPMENT, LLC, and
AUSTIN PARK DEVELOPMENT, LLC,

        Plaintiffs,

v.                            Case No. 8:11-cv-45-T-33AEP

RUSCO INVESTMENTS, INC.,
PINNACLE MUTUAL, INC., LASS
ACCOUNTING AND BUSINESS
SERVICES, INC., JULIE HOLDEN,
RUTH LIVERPOOL, AND ALDWYN
LIVERPOOL,

        Defendants.
_____/

**ORDER**

     This cause is before the Court pursuant to Plaintiffs' Amended Motion for Final Default Judgment (Doc. # 56), which was filed on August 2, 2012. Also before the Court is Defendant Ruth Liverpool's correspondence to the Court (Doc. # 57) filed on August 8, 2012, which the Court construes as a response to the Motion for Final Default Judgment. For the reasons that follow, the Court grants the Motion.

**I.   Procedural History**

     Plaintiffs Mainsail Development, LLC and Austin Park Development, LLC initiated this action on January 6, 2011, by filing a fifteen count Verified Complaint against Defendants Rusco Investments, Inc., Pinnacle Mutual, Inc., Lass Accounting & Business Services, Inc., Julie Holden, Ruth

Liverpool, and Aldwyn Liverpool. (Doc. # 1). The Complaint alleges counts for RICO violations, conspiracy, unjust enrichment, breach of contract, rescission, unfair and deceptive trade practices, fraud, breach of fiduciary duty, civil theft, replevin, and tortious interference with business relationships. On January 28, 2011, all of the Defendants except for Julie Holden responded to the Complaint by filing a Motion to Compel Arbitration.[1] (Doc. # 4).

The Magistrate Judge issued a Report & Recommendation on June 20, 2011, in which he recommended granting the Motion to Compel Arbitration. (Doc. # 17). On July 19, 2011, the Court adopted the Report & Recommendation, and granted the Motion to Compel Arbitration. (Doc. # 21). The Court also stayed and administratively closed the case pending the resolution of the arbitration proceedings and directed the parties to file a joint status report within 90 days and every 90 days thereafter. Id.

Plaintiffs filed unilateral status reports on September 19, 2011, December 19, 2011, and January 16, 2012, which indicated that Plaintiffs were attempting to proceed with

---

[1] Following Julie Holden's failure to respond to the Complaint, Plaintiffs moved for entry of a Clerk's Default on February 18, 2011, and the Clerk entered Default against Holden on February 22, 2011. (Doc. ## 9, 10).

arbitration but had not received a response to emails and written letters from Defendants' counsel. (Doc. ## 22, 23, 24).

On February 15, 2012, Defendants' counsel, Shendell & Pollock, moved to withdraw as counsel for Defendants. (Doc. # 27). On February 29, 2012, the Magistrate Judge granted the motion, but warned Defendants that "[p]ursuant to Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court." Accordingly, the order directed the Corporate Defendants to obtain new counsel within 30 days. (Doc. # 28). Shendell & Pollock provided a copy of the Court's order to all Defendants by certified mail on March 1, 2012. (Doc. # 29).

Despite the Court's warning, the Corporate Defendants failed to retain new counsel in the time provided by the Court's order. Based on this failure, Plaintiffs filed a Motion for Default as to all Defendants on May 15, 2012 (Doc. # 30). On May 16, 2012, the Court entered an endorsed order denying the motion without prejudice and stating as follows:

> ENDORSED ORDER denying without prejudice Motion for default. At this juncture, default is not the appropriate remedy. There are two individual defendants, Ruth Liverpool and Aldwyn Liverpool. They are free to represent themselves pro se in this proceeding if they desire. As for the corporate defendants, Rusco, Pinnacle, and Lass

> Accounting, the Local Rules require that they be represented by counsel. Because they have filed a responsive pleading to the complaint, default at this juncture is premature and that remedy would be appropriate upon the pleadings being stricken. Within 14 days, the individual defendants are ordered to file a status report with the Court informing the Court of their desire to proceed pro se in this case or whether they intend to proceed with counsel. Also within 14 days they shall file a response to the motion to set aside abatement. The corporate defendants are reminded that they can not proceed without counsel in this Court. Their pleadings are subject to being stricken and judgement being entered against them. Corporate defendants are to file a notice of appearance of counsel within 14 days as well as file a response to the motion to set aside abatement. If the defendants fail to comply with this order, the Court will lift the stay in this case, and the case will be reopened. The Clerk is directed to mail a copy of this Order to all of the defendants.

(Doc. # 32).

Copies of the Court's order were mailed to the Defendants on May 17, 2012, but were returned as undeliverable by all Defendants except for Ruth Liverpool. On June 7, 2012, copies of the Court's order were successfully re-mailed to updated addresses for the Corporate Defendants and for Aldwyn Liverpool.

Based on the Corporate Defendants' failure to timely retain new counsel and the failure of all Defendants to comply with the Court's May 16, 2012, order, Plaintiffs filed a Second Motion to Set Aside Abatement and Motion for Default as

to all Defendants on June 5, 2012. (Doc. # 33). In the motion, Plaintiffs asserted that they had attempted since July 2011, to contact the Defendants regarding beginning the arbitration process, but received no response to their telephone calls and written letters. Plaintiffs also supplied evidence showing that the Corporate Defendants have been administratively dissolved and have not filed an annual report since April 2010. (Doc. # 33-1). Plaintiffs requested the Court to lift the abatement of the action, strike the pleadings of all Defendants and enter a default as to all Defendants for failure to comply with the Court's May 16, 2012, order and for failure to obtain counsel. None of the Defendants filed a response to the Motion for Default.

On June 22, 2012, the Court entered an order lifting the stay imposed on July 19, 2011, reopening the case, and setting the Motion for Default for a hearing. (Doc. # 34). At the hearing held on June 28, 2012, none of the Defendants appeared at the hearing, nor did anyone appear on their behalf. Accordingly, based on the Defendants' failure to comply with Court orders, failure to appear at the hearing, and the Corporate Defendants' failure to retain new counsel, the Court struck the Defendants' pleadings and granted the Motion for Default. (Doc. ## 37, 38). The Clerk entered Default against

each of the Defendants on June 29, 2012. (Doc. ## 41-45).

On July 9, 2012, Defendant Ruth Liverpool, on behalf of all Defendants, filed a motion which the Court construed as a Motion to Set Aside the Clerk's Defaults. (Doc. # 46). Upon finding that the Defendants failed to establish good cause for setting aside the Clerk's entries of default, the Court denied the construed Motion to Set Aside Clerk's Default as to the Corporate Defendants on July 11, 2012, and denied the motion as to the Individual Defendants, Ruth Liverpool and Aldwyn Liverpool, on July 20, 2012. (Doc. ## 47, 52).

Plaintiffs filed a Motion for Final Default Judgment on July 30, 2012. (Doc. # 54). The Court denied the motion without prejudice on July 31, 2012, because the motion did not state whether all of the Corporate Defendants were served with the motion. (Doc. # 55). Accordingly, Plaintiffs filed the instant Amended Motion for Final Default Judgment on August 2, 2012, which indicates that all of the Defendants have been served with the Motion. (Doc. # 56). Defendant Ruth Liverpool filed a letter with the Court on August 8, 2012, which the Court construes as a response to the Motion for Final Default Judgment. (Doc. # 57).

**II.  Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the

-6-

following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may also strike pleadings and direct the Clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. Fed. R. Civ. P. 37(b)(2)(A)(vi); Pickett v. Executive Preference Corp., No. 6:05-cv-1128, 2006 WL 2947844 (M.D. Fla. Oct. 16, 2006) (striking defendant's pleadings for abandoning its defense, and directing clerk to enter default against defendant).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following the entry of a Clerk's default and upon motion by the plaintiff, the Court may enter a default judgment against a defaulting party. If necessary, the Court may first conduct a hearing in order to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Additionally, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its

-7-

representative must be served at least 7 days before the hearing." Id.

However, the mere entry of a default by the Clerk does not, by itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id. Although in default, a defendant is still entitled to contest the amount of damages before the Court enters a judgment by default. Id. at 863 n.5.

**III. Analysis**

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint and the exhibits attached thereto, the affidavits of Roy Melvin and Kenneth R. Case, Esq. regarding amounts due, and the Motion, the Court determines that the Motion is due to be granted and that a hearing on this matter is not needed. Furthermore, the Court finds that Defendant Ruth Liverpool's construed response

-8-

to the Motion does not set forth good cause to prevent the Court from entering a default judgment, but merely reiterates Defendants' arguments that the Court has previously considered and found lacking. Although a default judgment is a severe sanction appropriate only as a last resort, <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 51 (1991), the Court finds that lesser sanctions would not suffice in light of the circumstances of this case and Defendants' actions detailed above.

Thus, Plaintiffs are entitled to a judgment against Defendants for $1,211,681.10, which includes the principal amount of $398,000.00, treble damages in the amount of $796,000.00, attorneys' fees in the amount of $16,958.50, and taxable costs in the amount of $722.65. This amount, which is capable of accurate and ready mathematical computation or ascertainment from the face of the documents attached to the Complaint and the affidavits filed by Plaintiffs, represents the sums due and owing to Plaintiffs, treble damages pursuant to Florida's Civil Theft Statute, § 772.11, Fla. Stat., attorneys' fees, and costs.

Specifically, Roy Melvin, President of the Plaintiff corporations, filed an affidavit stating that Plaintiffs paid deposits to Defendants in the amounts of $298,000.00 and $100,000.00 pursuant to a Letter of Commitment and a Financial

Services Agreement with Defendants. (Doc. # 56-1 at ¶¶ 3-6). The documents attached to the Complaint reflect such payments as well. (Doc. ## 1-1 - 1-7). Melvin explains that:

> Defendants would collude to introduce an individual or entity to deposit monies with one of the Defendants serving as an 'investor' to whom they would raise the required capital for a project and the other Defendant as the 'advisor' and upon the receipt of the monies, perform no actions to further any investment or project but to divert the monies through multiple subsidiary companies all of which performed no functions.

(Doc. # 56-1 at ¶ 7).

Furthermore, the Court finds that Plaintiffs have satisfied, or Defendants have waived, all conditions precedent required by Florida's Civil Theft Statute, § 772.11, Fla. Stat., including making written demand for treble damages to Defendants and receiving no response to the demand from Defendants, before filing the instant action. (Doc. # 1-7). Accordingly, Plaintiffs are entitled to recover treble damages in the amount of $796,000.00 and reasonable attorneys' fees and costs as provided by that statute.

Regarding attorneys' fees, Plaintiffs have filed the detailed time sheets of their attorneys in this case and Attorney Kenneth R. Case has filed an affidavit supporting the attorneys' fees and costs sought. Attorney Case's affidavit contains an analysis of the oft-cited factors set forth in

<u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So. 2d 1145 (Fla. 1985), and its progeny.  Based upon the detailed time sheets and this affidavit, the Court determines that the attorneys' fees and costs sought are reasonable, especially in light of the amount in controversy.  Accordingly, the Court directs the clerk to enter a final default judgment against Defendants and in favor of Plaintiffs in the amount of $1,211,681.10.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiffs' Amended Motion for Final Default Judgment (Doc. # 56) is **GRANTED.**

(2)  The Clerk is directed to enter judgment in favor of Plaintiffs and against Defendants in the amount of $1,211,681.10.

(3)  The Clerk shall thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of August, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

-11-

-12-