UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAINSAIL DEVELOPMENT, LLC, and
AUSTIN PARK DEVELOPMENT, LLC,

        Plaintiffs,
v.                        Case No. 8:11-cv-45-T-33AEP

RUSCO INVESTMENTS, INC.,
PINNACLE MUTUAL, INC., LASS
ACCOUNTING AND BUSINESS
SERVICES, INC., JULIE HOLDEN,
RUTH LIVERPOOL, AND ALDWYN
LIVERPOOL,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Ruth Liverpool's Motion for Appeal to Judgment (Doc. # 65), filed on October 1, 2012. Based on Defendant's pro se status, the Court construes the filing as a motion to set aside the final default judgment entered in Plaintiffs' favor. For the reasons that follow, the Court denies the motion.

I. **Procedural History**

Plaintiffs Mainsail Development, LLC and Austin Park Development, LLC initiated this action on January 6, 2011, by filing a fifteen count Verified Complaint against Defendants Rusco Investments, Inc., Pinnacle Mutual, Inc., Lass Accounting & Business Services, Inc., Julie Holden, Ruth Liverpool, and Aldwyn Liverpool. (Doc. # 1). The Complaint

alleges counts for RICO violations, conspiracy, unjust enrichment, breach of contract, rescission, unfair and deceptive trade practices, fraud, breach of fiduciary duty, civil theft, replevin, and tortious interference with business relationships. On January 28, 2011, all of the Defendants except for Julie Holden responded to the Complaint by filing a Motion to Compel Arbitration.[1]  (Doc. # 4).

The Magistrate Judge issued a Report & Recommendation on June 20, 2011, in which he recommended granting the Motion to Compel Arbitration. (Doc. # 17). On July 19, 2011, the Court adopted the Report & Recommendation and granted the Motion to Compel Arbitration. (Doc. # 21). The Court also stayed and administratively closed the case pending the resolution of the arbitration proceedings and directed the parties to file a joint status report within 90 days and every 90 days thereafter. Id.

Plaintiffs filed unilateral status reports on September 19, 2011, December 19, 2011, and January 16, 2012, which indicated that Plaintiffs were attempting to proceed with arbitration but had not received a response to emails and

---

[1] Following Julie Holden's failure to respond to the Complaint, Plaintiffs moved for entry of a Clerk's Default on February 18, 2011, and the Clerk entered Default against Holden on February 22, 2011. (Doc. ## 9, 10).

written letters from Defendants' counsel. (Doc. ## 22, 23, 24).

On February 15, 2012, Defendants' counsel, Shendell & Pollock, moved to withdraw as counsel for Defendants. (Doc. # 27). On February 29, 2012, the Magistrate Judge granted the motion, but warned Defendants that "[p]ursuant to Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court." Accordingly, the order directed the Corporate Defendants to obtain new counsel within 30 days. (Doc. # 28). Shendell & Pollock provided a copy of the Court's Order to all Defendants by certified mail on March 1, 2012. (Doc. # 29).

Despite the Court's warning, the Corporate Defendants failed to retain new counsel in the time provided by the Court's order. Based on this failure, Plaintiffs filed a motion for default as to all Defendants on May 15, 2012 (Doc. # 30). On May 16, 2012, the Court entered an endorsed order denying the motion without prejudice, requiring the Individual Defendants, Ruth and Aldwyn Liverpool, to advise the Court within 14 days whether they intended to proceed pro se or with counsel in the case, and requiring the Corporate Defendants to file a notice of appearance of new counsel within 14 days.

None of the Defendants responded to or complied with the

-3-

Court's May 16, 2012, Order. Thus, Plaintiffs filed a second notion for default as to all Defendants on June 5, 2012. (Doc. # 33). In the motion, Plaintiffs asserted that they had attempted since July 2011, to contact the Defendants regarding beginning the arbitration process, but received no response to their telephone calls and written letters. Plaintiffs also supplied evidence showing that the Corporate Defendants were administratively dissolved and have not filed an annual report since April 2010. (Doc. # 33-1). Plaintiffs requested the Court to lift the abatement of the action, strike the pleadings of all Defendants and enter a default as to all Defendants for failure to comply with the Court's May 16, 2012, Order and for failure to obtain counsel. None of the Defendants filed a response to the second motion for default.

On June 22, 2012, the Court entered an order lifting the stay imposed on July 19, 2011, reopening the case, and setting the second motion for default for a hearing. (Doc. # 34). At the hearing held on June 28, 2012, none of the Defendants appeared at the hearing, nor did anyone appear on their behalf. Accordingly, based on the Defendants' failure to comply with Court orders, failure to appear at the hearing, and the Corporate Defendants' failure to retain new counsel, the Court struck the Defendants' pleadings and granted the

motion for default. (Doc. ## 37, 38). The Clerk entered default against each of the Defendants on June 29, 2012. (Doc. ## 41-45).

On July 9, 2012, Defendant Ruth Liverpool, purportedly on behalf of all Defendants, filed a motion which the Court construed liberally as a motion to set aside the clerk's defaults. (Doc. # 46). Upon finding that the Defendants failed to establish good cause for setting aside the Clerk's entries of default, the Court denied the construed motion to as to the Corporate Defendants on July 11, 2012, and denied the motion as to the Individual Defendants on July 20, 2012. (Doc. ## 47, 52).

Plaintiffs then filed a motion for final default judgment on July 30, 2012. (Doc. # 54). The Court denied the motion without prejudice on July 31, 2012, because the motion did not state whether all of the Corporate Defendants were served with the motion. (Doc. # 55). Accordingly, Plaintiffs filed an amended motion for final default judgment on August 2, 2012, which indicated that all of the Defendants had been served with the motion. (Doc. # 56). Ruth Liverpool filed a letter with the Court on August 8, 2012, which the Court construed as a response to the motion for final default judgment. (Doc. # 57). On August 17, 2012, upon finding that Plaintiffs had

-5-

established their entitlement to a default judgment and that Ms. Liverpool's construed response did not set forth good cause to prevent the Court from entering a default judgment, the Court granted Plaintiffs' motion for final default judgment. (Doc. # 61). The Clerk entered a default judgment in the amount of $1,211,681.10 in Plaintiffs' favor and closed the case on August 20, 2012. (Doc. # 62). On October 1, 2012, Ms. Liverpool filed the instant "Motion for Appeal to Judgment" which the Court construes as a motion to set aside the final default judgment.

## II. **<u>Analysis</u>**

As an initial matter, the Court notes that it will consider the motion to set aside the default judgment only as to Ruth Liverpool. Although the motion states that it is filed on behalf of all Defendants, Ms. Liverpool is not an attorney, and as such, cannot represent any party besides herself in this action.

Pursuant to Federal Rule of Civil Procedure 55(c), "The court may set aside an entry of default for good cause, and it may set aside default judgment under Rule 60(b)." Since a default judgment has been entered against Ruth Liverpool, the more stringent standard set forth in Rule 60(b) applies. Rule 60(b), Fed. R. Civ. P., allows the Court to relieve a party

from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b), Fed. R. Civ. P.

Defendant has failed to establish that any of the Rule 60(b) factors might justify the relief she seeks. In her motion, Defendant does not identify any "newly discovered evidence" or "fraud" that might warrant relief from the default judgment, and does not argue that the judgment is void or otherwise defective. Thus, factors (2) through (5) are not applicable here.

### A.   Rule 60(b)(1)

Regarding the first factor, to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to

-7-

the complaint." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(internal quotation and citation omitted).

The moving party must establish a meritorious defense "by a clear and definite recitation of the facts." Gibbs v. Air Canada, 810 F.2d 1529, 1538 (11th Cir. 1987). Furthermore, "a general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient." S.E.C. v. Simmons, 241 F. App'x 660, 664 (11th Cir. 2007). Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986).

The Court finds that Defendant has failed to present a meritorious defense. While Defendant's motion includes more than a general denial of Plaintiff's claims and includes additional factual allegations, these allegations are uncorroborated and unsupported by any evidence in the record. Furthermore, Defendant's allegations are rambling and disjointed and do not provide any semblance of a cogent or viable defense to Plaintiffs' claims. Accordingly, the Court determines that Defendant has not established a defense that is likely to be successful, and as such, relief under Rule

60(b)(1) is not warranted.

Additionally, even if Defendant could establish a meritorious defense, the Court, as it has found on previous occasions, finds that setting aside the default judgment would unduly prejudice Plaintiffs. As the Court has previously explained:

> Plaintiffs have suffered through enough delay. Had Defendants timely and in good faith participated in the arbitration process, a process that they requested, the result here would be much different. Defendants' conduct, including their failure to participate in the arbitration, resulted in the denial of due process for Plaintiffs, who were foreclosed from pursuing this action due to Defendants' demand for arbitration.

(Doc. # 52 at 8-9). Defendant has not demonstrated any ability to actively participate in this case and setting aside the default judgment would result in even further delay for Plaintiffs in obtaining resolution of this matter. Due to the substantial delay already caused by Defendant and the additional delay that would result from setting aside the default judgment, the Court finds that Plaintiffs would experience prejudice if the default judgment were set aside.

Finally, to show excusable neglect under 60(b)(1), Defendant must demonstrate that a good reason existed for her failure to participate in the arbitration process and to otherwise defend this action; Defendant has failed to

-9-

demonstrate such good reason exists here. Instead, Defendant continues to blame her failures to defend this action on her former counsel who she alleges "confirm[ed] no activity until the date of his withdrawal filing [in] February 2012." (Doc. # 65 at 4). However, even if Defendant's former counsel represented to her that there was "no activity" or motions pending at the time of his withdrawal, the Court fails to understand why such a statement would lead Defendant to believe that no future action was required on her part, as she was already well aware that the Court had compelled arbitration in this case, at her request, in July 2011, and that such arbitration was far from completed. Additionally, the Court's subsequent May 16, 2012, Order expressly directed Defendant to respond, yet Defendant failed to comply with the Order. Such failure cannot be blamed on Defendant's former counsel who withdrew in February 2012.

The Eleventh Circuit has "demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." Simmons, 241 F. App'x at 663-64. "At the very least, a party must demonstrate his own diligence, even where the attorney commits gross misconduct." Id. at 664. As stated in Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962):

-10-

> [Defendant] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Id.

Based on the Defendant's conduct described above, the Court finds that Defendant has not demonstrated her own diligence in defending this case and cannot rely on any statements or misstatements by her former counsel to establish a good reason for her subsequent failure to defend this action after counsel's withdrawal. Thus, the Court determines that Defendant has failed to satisfy the final factor --"good reason"-- required to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1). In re Worldwide Web Sys., Inc., 328 F.3d at 1295.

### B.  Rule 60(b)(6)

As explained above, Rule 60(b)(6), allows a court to relieve a party from a final judgment for "any other reasons that justifies relief."  However, "a movant seeking relief pursuant to Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." Santa v. U.S., No. 11-14540, 2012 WL 5233564, *2 (11th Cir.

-11-

Oct. 24, 2012). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Even then, "whether to grant the requested relief is a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F. 3d 1307, 1317 (11th Cir. 2000).

In her motion, Defendant has failed to make any showing of extraordinary circumstances that might render her eligible for the catch-all provisions of Rule 60(b)(6). Defendant has not shown that absent relief, a hardship, much less an "extreme" or "unexpected" hardship, would result. Furthermore, Defendant has failed to show that she "is faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1991). Accordingly, this case does not present equitable factors warranting relief under Rule 60(b0(6).

### III. Conclusion

The Court recognizes that "there is a strong policy of determining cases on their merits." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). However, this Court must also consider the interests of finality as well as practical concerns. As stated in African Methodist Episcopal

Church, Inc. v. Ward, 185 F.3d 1201, 1203 (11th Cir. 1999):

> [I]nherent in the adversary system of justice is the idea that each side ought to be heard prior to a court's entry of final judgment. However, that same system requires that the court have the power to compel parties to appear before it. The threat of default (and default judgment) is the court's primary means of compelling defendants in civil cases to appear before the court. If these defaults could be put aside without cause, the threat of default would be meaningless, and courts would lose much of their power to compel participation by civil defendants.

Id.

Here, Defendant failed to provide a compelling reason for her failure to participate in Court-ordered arbitration and her failure to comply with Court orders. Under the facts presented, the Court denies Defendant's construed motion to set aside the final default judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Appeal to Judgment (Doc. # 65), construed as a motion to set aside the final default judgment is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of October, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record